# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HEATHER JENE CLOWDUS,**

      Plaintiff,

v.                                                     Case No: 6:20-cv-1098-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for a period of disability and disability insurance benefits. In a decision dated June 13, 2014, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from August 29, 2012, through the date of the decision. R. 30. On December 8, 2016, the Court remanded her case for further administrative proceedings and on February 4, 2019, the Appeals Council entered an order remanding the case to an ALJ. On February 14, 2020, the ALJ conducted a hearing and subsequently entered an unfavorable decision finding that Claimant was not disabled.

Having considered the parties' joint memorandum and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

I.      **Issues on Appeal**

Claimant makes two arguments on appeal: (1) the ALJ did not apply the correct legal standard to Claimant's cervical impairment; and (2) the ALJ did not apply the correct legal standards to Dr. Chhabra's opinion. Doc. 22.

II.     **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

III.    **Discussion**

A.      **Whether the ALJ applied the correct legal standards to Claimant's cervical impairment**

Claimant contends that she suffers from a cervical impairment that the ALJ did not consider at steps two and four of the sequential evaluation process. Doc. 22 at 16. At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. § 404.1520(c). "This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Thus, the finding of a single severe impairment satisfies step two. *See id*. The failure to find additional severe

impairments is harmless error as long as the ALJ considers all of the claimant's impairments (severe and non-severe) in combination throughout the rest of the sequential evaluation process. *See, e.g.*, *Freeman v. Comm'r Soc. Sec. Admin.*, 593 F. App'x 911, 914-15 (11th Cir. 2014); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 51-52 (11th Cir. 2014).

Here, Claimant states that on November 13, 2014, she returned to PA-C Almond and reported complaints of the right arm twitching that caused her to drop things and that she had right-sided cervical spine pain that radiated into her right shoulder. Doc. 22 at 16. A few days later, Claimant underwent an MRI of her cervical spine which revealed a "[s]mall shallow right paracentral HNP at C5-6." *Id*. Claimant states that "[o]n December 8, 2014, Dr. Chhabra administered a cervical epidural steroid injection for Ms. Clowdus's cervical degenerative disc disease and chronic pain syndrome." *Id*.

At step two, the ALJ found that Claimant had the following severe impairments: obesity, degenerative disc disease of the lumbar spine with post-laminectomy syndrome and radiculopathy, and chronic pain syndrome. R. 978. The ALJ also noted that Claimant had thoracic neuritis, tendonitis, organic sleep disorder with insomnia, and nicotine and opioid dependence which were non-severe impairments. *Id*.

Claimant asserts that the ALJ's failure to mention her cervical impairment when considering these severe and non-severe impairments impacted the later findings in the sequential evaluation process. *Id*. at 17. While Claimant recognizes that the ALJ is not required to identify at step two all of the severe impairments under Eleventh Circuit precedent, she claims the failure to do so at step two resulted in error at step four when the ALJ assessed the RFC. *Id*. at 17, n.3.

At step four, the ALJ found that Claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). R. 980. However, the Claimant could never

climb ladders, ropes, and scaffolds. *Id*. She was limited to occasionally climbing ramps and stairs, stooping, and crouching. *Id*. She was limited to frequent balancing, kneeling, and crawling. *Id*. She could never work at unprotected heights or operate a motor vehicle. *Id*.

Claimant argues that the ALJ failed to explain how she accounted for the neck impairment in the RFC and failed to include any limitations on her ability to reach, handle, finger, or feel. Doc. 22 at 17. As such, Claimant contends that the ALJ failed to include all of her employment limitations in the hypothetical questions posed to the vocational expert. *Id*. at 18.

The Court finds that Claimant has not established that the ALJ's findings were not supported by substantial evidence based on her argument. First, as Claimant apparently concedes, the ALJ found that Claimant suffered from several severe impairments which satisfies step two.

Second, with respect to step four, Claimant has not demonstrated that her cervical impairment caused additional limitations on her ability to work. Claimant's conclusory sentence that the ALJ failed to account for her neck impairment is perfunctory in nature and does not entitle her to relief. *See Jacobus v. Comm'r of Soc. Sec.*, 664 F. Appx. 774, 778 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned.). The "mere existence" of an impairment does not reveal the extent to which the impairment limits the claimant's ability to work or undermines the ALJ's decision. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)).

While Claimant complains that the RFC does not include restrictions concerning Claimant's ability to reach, handle, finger, or feel, she cites to nothing in Dr. Chhabra's record, or elsewhere, that reflects that these limitations are required. Instead, as the Commissioner contends, Claimant's statement that additional restrictions exist is based on pure speculation. "[T]he claimant bears the burden of proving that he is disabled and, consequently, he is responsible for

producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Claimant's unsupported statement that the ALJ failed to include any limitation regarding reaching, fingering, etc. does not carry her burden.

Moreover, it is apparent from the ALJ's decision that she considered all medical evidence in combination. The ALJ stated that in making the finding regarding the RFC she considered all symptoms, testimony, medical treatment records, and the findings and opinions of physicians. R. 980, 985. The ALJ found that Claimant's statements were not consistent with the medical and record evidence; the findings of physical examinations, imaging reports, and treatment records did not show the degree of ongoing abnormality that would preclude a wide range of sedentary work; and the reported daily activities were not strongly consistent with complaints of disabling symptoms and limitations. R. 980-81, 983. Notably, the ALJ considered the treatment records and opinion evidence, including Dr. Chhabra's opinion. R. 984-85.

In sum, the ALJ's step two finding is supported by substantial evidence and Claimant has failed to show how the cervical impairment or symptoms have caused additional work-related limitations not currently reflected in the RFC at step four. Accordingly, the hypotheticals to the vocational expert fully accounted for Claimant's limitations.

The record contains substantial evidence to support the ALJ's finding and there is no showing that she committed reversible error at step 2 and step 4.

**B. Whether the ALJ applied the correct legal standards to the opinion of Dr. Chhabra**

Claimant complains that the ALJ applied incorrect legal standards and erroneously rejected the opinion of her treating pain management physician without articulating good cause. Doc. 22 at 27. The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. The ALJ must consider a number

of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c).

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Claimant cites to Dr. Chhabra's March 4, 2014 record stating that the physician opined that she had an underlying spinal impairment which was consistent with the pain she was experiencing. Doc. 22 at 30. Claimant complains that the reasons the ALJ gave for rejecting the opinion are inadequate. The ALJ stated the following with respect to Dr. Chhabra's opinion:

> The undersigned has also considered the opinion evidence in accordance with the requirements of 20 CFR 404.1527. Nitin Chhabra, M.D., the claimant's treating physician at the Birmingham Pain Center, opined on March 4, 2014 that the claimant's pain was present to such an extent as to be distracting to adequate

> performance of daily activities or work. Physical activity such as prolonged sitting, walking, standing, bending, stooping, and moving of extremities would increase pain to such an extent that bedrest and/or medication was necessary. Drug side effects were expected to be severe and limit effectiveness due to distraction, inattention, and drowsiness (Exhibit 8F). While due consideration has been given to this opinion as offered by the claimant's own medical source, Dr. Chhabra's opinions are given little weight because they are inconsistent with the treatment records and not supported by the objective medical evidence. For example, imaging revealed lumbar and cervical degenerative disc disease. There were also some findings of positive straight leg raises and pain and tenderness at the claimant's lumbar spine on physical examinations. However, the claimant's gait was repeatedly normal, she did not use an assistive device for ambulation, her sensation was frequently intact, and her muscle strength at her extremities was either full at 5/5 or just mildly reduced at 4/5 (Exhibits 1F-7F, 9F, 11F, and 12F). Further, on mental status examinations, the claimant's cognitive function, memory, and concentration were normal (Exhibits 2F, 5F, 6F, 9F, 11F, and 12F). Moreover, the record documents that there was some improvement with treatment (Exhibits 1F/1-2, 4F/1-3, 6F/22, 9F/50, 11F/24, 40 and 12F/11, 14, 68, 100). There is also no evidence the claimant underwent prolonged physical therapy or that she required repeated hospitalizations or emergency room treatment for symptoms related to chronic pain syndrome or degenerative disc disease of the lumbar spine during the period at issue.

R. at 984.

The Court finds that the ALJ's decision to assign little weight to Dr. Chhabra's opinion is supported by good cause and substantial evidence. The ALJ discussed the aspects of the opinion that Claimant highlights in the memorandum and then specifically discounts how those findings are inconsistent with the records. In part, Claimant asserts that Dr. Chhabra's treatment notes revealed findings of positive straight leg raises and pain and tenderness in her lumbar spine, which the ALJ addressed, and the ALJ erred by focusing on one aspect of the evidence while disregarding other contrary evidence. Doc. 22 at 27-28. Claimant's argument essentially asks the Court to reweigh the evidence which is not the function of the Court.

Otherwise, Claimant challenges the exhibits the ALJ relied upon and contends that the cited records do not support the finding that she improved with treatment. The Court does not agree with Claimant's assessment of the records. For example, Claimant argues that the citations to

Exhibit 11F and 12F do not reveal any improvement with treatment. However, these records reflect that her gate, affect, speech, and posture were normal, and that her chronic pain syndrome was stable.[1] In the decision, the ALJ found that the record shows that there was *some* improvement with treatment. The Court finds that the ALJ could reasonably view Dr. Chhabra's opinion as inconsistent with the evidence. R. 984. The Court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

Moreover, the Court agrees with the Commissioner that Claimant offers no convincing argument showing why the treatment notes support greater limitations that are already assessed in the RFC. The ALJ considered the record as a whole and properly weighed Dr. Chhabra's medical opinion.

### IV. Conclusion

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**;

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on May 12, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The documents actually state that "CPS-stable." R. 1339, 1509, 1541. The memorandum reflects that this notation means that her chronic pain syndrome was stable. Doc. 22 at 12, 13.